In the Matter of WILBUR F. VETTER et al., Petitioners, against CHARLES P. GROSS et al., Constituting the Board of Transportation of the City of New York, et al., Respondents, and JOE CAMPBELL et al., and All Others Similarly Situated, Interveners, Respondents.

Supreme Court, Special Term, New York County, August 7, 1946.

*Oscar Hertz* for petitioners.

*John J. Bennett, Corporation Counsel* (*Morris Shapiro* of counsel), for Charles P. Gross and others, constituting the Board of Transportation, and others, respondents.

*Charles L. Kellar* for Joe Campbell and others, interveners, respondents.

*John F. Middlemiss* for Jeremiah P. Conboy and others, interveners, respondents.

HAMMER, J. Petitioners apply for an order under article 78 of the Civil Practice Act to restrain and stay the Municipal Civil Service Commission from certifying and the Board of Transportation from making permanent appointments to certain positions in the transit system of the City of New York until such time as petitioners and other veterans are granted special military examinations for such positions and are graded with others now on existing eligible lists. On the existing eligible lists there are veterans and nonveterans. The petitioners base their claim on the facts that they have returned from military service and within the period prescribed by law have presented their applications as provided under subdivision 5 of section 246 of the Military Law, chapter 531 of the Laws of 1946, re-enacted in chapter 589 of the Laws of 1946, and also section 21 of the Civil Service Law, as amended by chapter 521 of the Laws of 1946. All of the statutes above referred to were adopted by the Legislature pursuant to the direction contained in the amendment to section 6 of article V of the New York State Constitution, adopted by the people at the general election, November 6, 1945. The existing lists were promulgated as a result of examinations held in 1945 at a time when the petitioners were in the armed forces of the United States and unable, therefore, to take the examinations. Within sixty days after their discharge and return the petitioners applied for special examinations, which at the time of this application for the order to show cause had not been held, although one of the petitioners was notified to participate in a written examination on May 16, 1946, another on June 4-7, 1946, and petitioner Nielson, whose application was filed on March 20, 1946, was notified to participate in a written examination on July 12, 1946.

The main issue presented is whether appointments to the vacant civil service positions may be made by the public appointing authority from an existing eligible list or whether action by the Civil Service Commission and the appointing authorities must be stayed until all eligibles are discharged from the military service and afforded opportunity to apply for comparable or make-up examinations, and if such examinations are taken and passed the positions are determined and graded upon such existing certified promotion list.

The constitutional amendment and the statutes adopted by the Legislature as directed therein and in conformity thereto while they do not expressly settle the issue nevertheless contain provisions which clearly indicate both the constitutional and the legislative intent. Section 6 of article V of the Constitution provides that appointments in the civil service " shall be made according to merit and fitness to be ascertained * * * by examination, which, as far as practicable, shall be competitive." Veterans who are disabled " shall be entitled to preference and shall be appointed or promoted before any other appointments or promotions are made, without regard to his or her standing on any list from which such appointment or promotion may be made." Any other eligible veteran shall be entitled " to similar preference " in appointment or promotion, limited however to December 31, 1950, but in no event for a period less than five years following the discharge of the veteran.

Subdivision 5 of section 246 of the Military Law requires that: " If a promotion examination is held while a public employee entitled to participate therein is on military duty, such public employee shall be given a comparable examination, provided he makes request therefor within sixty days after restoration to his position, and, if he passes such examination his name shall be entered on the regular promotion eligible list in relative order of rating and shall remain thereon until such list expires or is cancelled."

Subdivision 3 of section 21 of the Civil Service Law provides the order in which disabled veterans, nondisabled veterans and nonveterans are to be placed on eligible lists. Subdivision 6 thereof provides: " 6. Eligible lists to which preferences are applicable. The preference in appointment and promotion granted herein shall be applicable to all lists in existence on and after the first day of January, nineteen hundred forty-six ".

Neither the constitutional provision nor the legislative acts provide for any stay of appointment from an existing eligible list until the veterans, disabled or otherwise, have returned from service and have had opportunity to apply for and take

the examination and have been granted preference. It does not appear to have been the intention of the Legislature that all civil service lists and permanent appointments therefrom were to remain in a state of ineffectual suspense until all eligibles who entered the armed forces had been afforded the opportunities referred to above. This seems clear as paragraph (d) of subdivision 3 of section 21 provides: "No certification of a list of eligibles for appointment or promotion shall be affected by any claim for preference filed after such certification has been issued, nor shall such certification be affected by such claim filed prior to the date that such certification is issued unless such claim is supported by facts and documents sufficient to establish such claim; provided, however, that no such certification shall be valid for more than thirty days from the date of its issuance."

The fair interpretation of this language leads to the conclusion that the Legislature intended to provide eligible lists for permanent appointments, which by reason of veterans' preference would be constantly added to and changed from time to time, and that in no event would a certified list be valid more than thirty days from the date of its issuance.

In the absence of clear constitutional and legislative mandate the courts may not by judicial fiat indefinitely suspend all civil service lists and permanent appointments therefrom until such time as the last possible applicant is afforded opportunity to apply for and take an examination and secure his grading thereunder. It seems clear this was not contemplated by the people or the Legislature, and might seriously interfere with the proper administration of the functions of the State, municipalities and other governmental authorities. If, during the emergency of war provisional employees only were to be appointed and no positions permanently filled, any such intention would have to be clearly expressed. Careful reading of the applicable statutes does not support the position asserted by the petitioners.

It appears from the facts enumerated that a period of time must necessarily and reasonably elapse between the notification by the veteran of intention to take a comparable military examination and the giving thereof. It may well be that a long unreasonable delay could cause all eligible positions to be filled to the detriment of the veteran, and if such positions were few in number the delay could result in a denial of the constitutional and statutory benefits provided for veterans.

But respondents show that since November 1, 1945, the examining division of the Municipal Civil Service Commission has confined itself almost exclusively to the task of conducting

special military examinations. Up to May 1, 1946, forty-six special military examinations have been given for promotion to various positions in the rapid transit service and forty-five additional special military examinations have been scheduled thus far for the remainder of the year. All returning veterans who file for these examinations up to and including the actual date of the examination are admitted and permitted to partici-pate.

The existing eligible lists for signal maintainer — group A, towerman and train dispatcher, include fourteen veterans who have qualified and six of whom are disabled veterans entitled to the special preference granted by section 21 of the Civil Service Law. Their appointment has been withheld because of the pendency of these proceedings and if petitioners' contention were upheld any appointment either of themselves, when eligible after examination, or of other future similarly situated veterans, would continue to be withheld until the last of over 5,000 veterans employed by the Board of Transportation had returned to his position, been granted a special military examination, and, in the event of passing, duly graded on the eligible list.

It is clear that the Municipal Civil Service Commission and the Board of Transportation of the City of New York, are the public authorities charged with responsibility and discretion required to carry out the constitutional mandate and the enabling statutes under the facts here disclosed.

The Board of Transportation employs 34,595 employees, all of whom are classified in Part 39 of the Rapid Transit Railroad Service established by the Municipal Civil Service Commission by resolution adopted December 29, 1942, approved by the Mayor of the City of New York on February 2, 1943, and by the Department of Civil Service of the State of New York on February 25, 1943.

During the war period 5,424 employees were called into military service and were granted military leave from their positions. Since the cessation of hostilities these employees have been returning to their former positions but on May 1, 1946, 830 employees of the Board of Transportation still continued on military leave.

It is shown by respondents that the Municipal Civil Service Commission in the exercise of such discretion confined promotion examinations to positions where previous experience has shown the established eligible lists became speedily exhausted. In the case of the positions involved in this proceeding the commission decided from its experience that all eligibles on the list and those added thereto from veterans who

qualified after special military examinations would be promoted before the expiration of the list. Under all the circumstances, petitioners have not alleged or shown any violation of their constitutional or statutory rights of veteran preference, or the denial of right to position on any eligible list. Actually, petitioners are complaining of the manner and method adopted by respondents in the exercise of discretion and judgment as public officials in carrying out the functions in respect of veterans' preference entrusted in them by law. But the facts do not show any abuse of discretion or any refusal of reasonable action which would entitle petitioners to the relief sought, or any warrant for this court to substitute its discretion and judgment for that of the respondent officials in their administration of the veterans' preference law.

For the foregoing reasons petitioners' application must be denied and the petition dismissed.

Settle order.